IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SAHARA WALKER,

                Plaintiff,

v.                                                              OPINION and ORDER

MERCK & CO., INC. and MERCK SHARP &                   20-cv-1048-jdp
DOHME CORP.,

                Defendants.

---

Plaintiff Sahara Walker seeks damages for injuries sustained by receiving the Gardasil vaccine, which is manufactured and distributed by defendants Merck & Co., Inc. and Merck, Sharp and Dohme Corp. (collectively "Merck"). The vaccine is designed to protect against strains of the Human Papillomavirus. Walker moves to stay the case pending a decision by the Joint Panel on Multidistrict Litigation on her motion to consolidate pretrial proceedings of this case with more than 30 other lawsuits asserting that Gardasil is defective. Dkt. 37. For the reasons explained below, the court will deny the motion.

ANALYSIS

A court has inherent authority to stay a case in the exercise of its discretion, considering factors such as judicial economy and prejudice to the parties. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010). In this case, Walker identifies three reasons for a stay, but none are persuasive.

First, Walker says that discovery disputes in this case are likely to be duplicative of discovery disputes in other Gardasil cases, so a stay would promote judicial economy if the panel grants consolidation. But Walker provides few examples of the type of discovery she's talking about. As Merck points out, the parties have been conducting discovery in this case for

more than a year. Walker doesn't dispute Merck's representation that "the vast majority of discovery on general issues is already complete" and that "the remaining discovery efforts relevant to this case will consist primarily of case-specific discovery that would need to be completed even in the context of an MDL [multidistrict litigation]." Dkt. 39, at 2. It is Walker's burden to show that a stay is appropriate, *see Clinton*, 520 U.S. at 708, and Walker has failed to show that a failure to stay this case now is likely to lead to duplicative discovery.

Second, Walker says that declining to stay the case will result in unfair prejudice to her because she will be "forced to prematurely produce expert reports." Dkt. 38, at 4. This contention appears to be based on a view that the panel is likely to grant Walker's consolidation motion, that it will do so after Walker files her expert reports and before Merck's expert reports are due, and that Merck will have an unfair, strategic advantage if there is a delay between when Walker files her reports and when Merck files its reports. But Walker provides little support for her beliefs about the likelihood of consolidation, the timing of the decision, or the prejudice that she will suffer. The court declines to stay the case based on multiple levels of speculation.

Third, Walker says that she still needs more discovery before she can prepare her expert reports. But even if that is true, it has little to do the Walker's consolidation motion. If Walker doesn't have the information she needs, she should file a properly supported motion to compel or motion for an extension of time. It's not a reason to stay the case.

In her reply brief, Walker notes that a different court granted a motion to stay that Walker's counsel filed in another Gardisil case, *Malloy v. Merck & Co., Inc.*, No. 21-cv-506 (E.D. Tex. May 5, 2022). But *Malloy* isn't instructive because that decision rested on a pending motion to dismiss that "raise[d] several issues that the[] Defendants . . . raised in numerous

other pending Gardasil cases." Dkt. 41-1, at 4. The court concluded that it furthered an interest in judicial economy to await a decision on consolidation before deciding potentially dispositive issues that could be resolved in multidistrict litigation. There are no pending dispositive motions in this case, and Walker hasn't identified any significant common issues that this court will need to resolve before a decision on consolidation. So Walker has failed to show that a stay is appropriate.

## ORDER

IT IS ORDERED that plaintiff Sahara Walker's motion to stay, Dkt. 37, is DENIED.

Entered May 16, 2022.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge