Certified to be a true and
correct copy of the original
U.S. District Court
Frank G. Johns, Clerk
Western District of N.C.
By: *Robin Holiday*
Deputy Clerk
Date August 10, 2022

FILED
8/4/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
GY

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION     MDL No. 3036

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in thirteen actions pending in twelve districts move under 28 U.S.C. § 1407 to centralize this litigation in the District of Arizona or, alternatively, in the Western District of Wisconsin. The litigation consists of thirty-one actions pending in twenty-two districts, as listed on Schedule A.[1] Since the filing of the motion, the Panel has been notified of nine potentially related actions in six additional districts.[2] All plaintiffs support centralization and propose one or more of the following districts: the District of Arizona, the Western District of Wisconsin, the Central District of California, and the Middle District of Louisiana. Defendants Merck & Co., Inc.,[3] and Merck Sharp & Dohme Corp. (collectively, Merck) oppose centralization, but, in the event of centralization, propose the District of Connecticut or the Eastern District of Michigan as the transferee forum.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Western District of North Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These personal injury actions present common questions of fact arising from allegations that plaintiffs, or their minor children, developed postural orthostatic tachycardia syndrome (POTS) and various other injuries as the result of an autoimmune reaction to the Gardasil vaccine, which is recommended for the prevention of certain strains of the human papillomavirus (HPV) and various cancers. Plaintiffs bring products liability claims, as well as claims for breach of warranty, fraud, negligence, and, in some actions, violations of state consumer protection laws. Discovery in all cases can be expected to focus on the testing, labeling, regulatory approval, and marketing of Gardasil. Centralization will eliminate duplicative discovery and prevent inconsistent pretrial rulings—particularly with respect to

---

[*] Judges David C. Norton and Roger T. Benitez did not participate in the decision of this matter.

[1] Two actions listed on the motion were dismissed after the § 1407 motion was filed.

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] On May 1, 2022, Merck Sharp & Dohme Corp. merged with Merck Sharp & Dohme LLC, with the latter as the surviving entity.

Case: 3:20-cv-01048-jdp   Document #: 47   Filed: 08/11/22   Page 2 of 7
Case MDL No. 3036   Document 87   Filed 08/04/22   Page 2 of 7

- 2 -

preemption issues under the National Childhood Vaccine Injury Act[4] and *Daubert* issues—and will preserve the resources of the parties, their counsel, and the judiciary.

Merck opposes centralization on several grounds. It argues that individual issues in the cases will predominate. We are not persuaded. As we have stated repeatedly, "differences in the plaintiffs' individual injuries and medical histories are not an obstacle to centralization when, as here the actions share a common factual core." *In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, 330 F. Supp. 3d 1378, 1379 (J.P.M.L. 2018). In this litigation, all plaintiffs allege that they were injured by the Gardasil vaccine in the same manner—through an autoimmune reaction caused by structural similarities between proteins in the vaccine's antigens and within the vaccine recipient's own cells. In view of the common issues arising from these allegations, we conclude that centralization will provide significant efficiencies.

Merck also contends that centralization is unnecessary because informal coordination among the parties has been, and will continue to be, practicable. But efforts to date by Merck and movants' counsel to coordinate in a limited number of actions appear to have been only partially successful at best. With forty involved actions pending in twenty-eight districts, and at least eight involved plaintiffs' firms, we are not convinced that informal coordination is a feasible alternative to centralization.

Finally, Merck argues that an MDL comprised of claims subject to the Vaccine Act would be unprecedented and would attract a flood of meritless claims brought solely for the purpose of exhausting the claim process under the Vaccine Act and proceeding with tort claims in court. Merck maintains that such claims would overwhelm the already overburdened claim process and would result in an improper evasion of the intended purposes of that process. Merck further argues that the publicity surrounding a Gardasil MDL would spread misinformation about vaccines and increase vaccine hesitancy.

---

[4] Plaintiffs' actions are subject to the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10 *et seq.* (the Vaccine Act), which was enacted in 1986. The Vaccine Act establishes a no-fault compensation program pursuant to which a person injured by a covered vaccine may file a petition for compensation in the U.S. Court of Federal Claims, naming the Secretary of Health and Human Services as the respondent. *Id.* § 300aa-11(a)(1). Persons claiming injury from a covered vaccine may not sue the vaccine manufacturer or the healthcare provider that administered the vaccine in state or federal court unless they have exhausted the claim process in the Court of Federal Claims. *Id.* § 300aa-11(a)(2)(A). Moreover, the scope of any such actions is significantly limited by the Act. *See, e.g., Bruesewitz v. Wyeth LLC*, 562 U.S. 223, 231-32 (2011) (holding that state-law design defect claims are preempted by the Vaccine Act); *Holmes v. Merck & Co.*, 697 F.2d 1080, 1084-85 (9th Cir. 2012) (holding that claims of failure to warn patients or their legal representatives directly are preempted by the Act). Plaintiffs in all involved actions claim to have exhausted the Vaccine Act claim process.

Case: 3:20-cv-01048-jdp   Document #: 47   Filed: 08/11/22   Page 3 of 7
Case MDL No. 3036   Document 87   Filed 08/04/22   Page 3 of 7

- 3 -

None of these arguments persuades us that centralization is not warranted. While the Panel has not previously centralized actions subject to the Vaccine Act, it has previously centralized vaccine-related personal injury actions, including actions subject to an administrative exhaustion requirement. *See In re Swine Flu Immunization Prods. Liab. Litig.*, 446 F. Supp. 244 (J.P.M.L. 1978) (centralizing actions subject to an administrative claim process under the National Swine Flu Immunization Program of 1976); *In re Sabin Oral Polio Vaccine Prods. Liab. Litig.*, MDL No. 780, 1988 U.S. Dist. LEXIS 17029 (Oct. 11, 1988) (centralizing actions alleging that the Sabin oral poliomyelitis vaccine caused plaintiffs' injuries and that the United States was liable under the Federal Tort Claims Act). Like the statute at issue in the *Swine Flu* litigation, the Vaccine Act expressly permits claimants to file suit against vaccine manufacturers in federal court after exhausting the required claim process, and nothing in the Act or in Section 1407 forbids centralization of such actions. Nor are we convinced by Merck's argument that creation of an MDL will encourage the filing of meritless claims, as any such claims are more appropriately brought to the attention of the transferee court. *See, e.g., In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402, 1405 (J.P.M.L. 2014) ("'[T]he transferee court handling several cases in an MDL likely is in a better position—and certainly is in no worse position than courts in multiple districts handling individual cases—to properly address meritless claims.'") (quoting *In re Cook Med., Inc., IVC Filters Mktg., Sales Practices and Prods. Liab. Litig.*, 53 F. Supp. 3d 1379, 1381 (J.P.M.L. 2014)). Lastly, concerns about the efficient functioning of the Vaccine Court and vaccine hesitancy are properly raised elsewhere; the questions before us are whether the actions involve common questions of fact and whether centralization of this litigation will serve the convenience of the parties and witnesses and produce efficiencies for the litigants and the judiciary.

The Western District of North Carolina is an appropriate transferee district for this litigation. Two actions are pending in this district, and it provides a convenient and readily accessible forum for this nationwide litigation. Judge Robert J. Conrad, Jr., to whom we assign the litigation, presides over one of the actions in this district. He is a skilled jurist who has not yet had the opportunity to preside over an MDL. We are confident that he will steer the litigation on a prudent course.

- 4 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of North Carolina are transferred to the Western District of North Carolina and, with the consent of that court, assigned to the Honorable Robert J. Conrad, Jr., for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
Dale A. Kimball              Madeline Cox Arleo

IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION                MDL No. 3036

## SCHEDULE A

### District of Arizona

GRAMZA v. MERCK & COMPANY INC., ET AL., C.A. No. 2:20−01425
MERINO v. MERCK & COMPANY INC., ET AL., C.A. No. 2:22−00398
VELA, ET AL. v. MERCK & COMPANY INC., ET AL., C.A. No. 2:22−00420

### Central District of California

ATJIAN, II v. MERCK & CO., INC., ET AL., C.A. No. 2:22−01739
FETTERS v. MERCK & CO., INC., ET AL., C.A. No. 8:22−00422
LEVY v. MERCK & CO., INC., ET AL., C.A. No. 8:22−00431

### Southern District of California

COLBATH v. MERCK & CO., INC., ET AL., C.A. No. 3:21−00120

### Middle District of Florida

MCELERNEY v. MERCK & CO., INC., ET AL., C.A. No. 8:21−01814
SILVER v. MERCK & CO, INC., ET AL., C.A. No. 8:21−02903

### Northern District of Florida

MULLER v. MERCK & CO., INC., ET AL., C.A. No. 3:21−01335

### Southern District of Florida

THOMAS v. MERCK & CO, INC., ET AL., C.A. No. 9:22−80445

### Northern District of Georgia

HENDRIX v. MERCK & CO., INC., ET AL., C.A. No. 1:22−01171
WINGERTER, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 1:22−01178

### District of Hawaii

HODDICK v. MERCK & CO., INC., C.A. No. 1:22−00144

### Central District of Illinois

HUMPHRIES v. MERCK & CO., INC., ET AL., C.A. No. 4:21−04154

- A2 -

### Northern District of Illinois

RAYMER v. MERCK & CO., INC., ET AL., C.A. No. 1:22−01643
LANDERS v. MERCK SHARP & DOHME CORP., ET AL., C.A. No. 1:22−01696
WAGNER, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 1:22−01717

### Northern District of Indiana

LIPSCOMB v. MERCK & CO., INC., ET AL., C.A. No. 1:22−00116

### Middle District of Louisiana

SOILEAU v. MERCK & CO., INC., ET AL., C.A. No. 3:22−00210

### District of Massachusetts

BUTLER v. MERCK & CO., INC., ET AL., C.A. No. 3:22−10006

### Eastern District of Michigan

DALTON v. MERCK & CO., INC., ET AL., C.A. No. 5:21−12324

### District of Nevada

FLORES v. MERCK & CO., INC., ET AL., C.A. No. 3:21−00166

### District of New Jersey

SULLIVAN v. MERCK & CO., INC., ET AL., C.A. No. 3:22−00116

### Middle District of North Carolina

DERR v. MERCK & CO., INC., ET AL., C.A. No. 1:22−00212

### Western District of North Carolina

BERGIN v. MERCK & CO., INC., ET AL., C.A. No. 3:22−00117
HILTON v. MERCK & CO., INC., ET AL., C.A. No. 5:22−00030

### District of Rhode Island

BALASCO v. MERCK & CO., INC., ET AL., C.A. No. 1:20−00364

- A3 -

Eastern District of Texas

MALLOY v. MERCK & CO., INC., ET AL., C.A. No. 6:21-00506

Southern District of West Virginia

LANDERS, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 2:22-00160

Western District of Wisconsin

WALKER v. MERCK & CO., INC., ET AL., C.A. No. 3:20-01048